# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

ADAM JARCHOW and MICHAEL D. DEAN

     Plaintiffs,

  v.

STATE BAR OF WISCONSIN, *et al.*,

     Defendants.

Civil Case No. 3:19-cv-00266

### Plaintiffs' Opposition to Stay Motion

There is no justification for staying this case. The State Bar's stay motion relies exclusively on the existence of a case pending in the Eighth Circuit that, the Bar says, may eventually reach the Supreme Court. Given that the Supreme Court denies 99 percent of all petitions for certiorari, that is speculative to say the least. A petition in that case may never be filed; if one is filed, briefing on it will not be complete for a year or more from the present; and then the odds are that it will be denied. Against the highly remote possibility that this hypothetical petition will be granted stands the Supreme Court's admonition that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The State Bar's stay request contravenes that principle and should be rejected.

In opposition to the State Bar's motion, the Plaintiffs state as follows:

1.    The Court's analysis should begin and end with the rule that federal courts have a "virtually unflagging" duty to address claims within their jurisdiction. *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009). "Abdication" of that duty "can be justified only" in "exceptional circumstances." *Colo. River Water Cons. Dist. v. United States*, 424 U.S. 800, 813 (1976). There are no exceptional circumstances here. The State Bar cites the entirely quotidian circumstance that another case, *Fleck v. Wetch, et al.*, No. 16-1564 (8th Cir.), in another circuit entirely, involves related legal issues. That is not unusual, much less

"exceptional," and *Fleck* has no clear bearing here. The Eighth Circuit's forthcoming decision, needless to say, will not bind the Seventh Circuit or this Court. Because *Fleck* will not govern this case, it provides no basis for this Court to halt this civil-rights litigation.

2.      Nor is there "a significant probability that the Supreme Court will address the law governing" this case in *Fleck*. State Bar Br. 3. The Supreme Court denies approximately 99 percent of all certiorari petitions filed each year, and so it is almost never accurate to say there is "a significant probability" that the Supreme Court will take a certain case winding through the lower courts.[1] Moreover, a petition for certiorari has not even been filed, and it is not within the control or knowledge of any party in this case whether a petition will ever be filed. That is why the speculative possibility that a petition for certiorari will be filed and granted is insufficient to satisfy the "exceptional circumstances" required to grant a stay. *See Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920–21 (W.D. Wis. 2010) (denying motion for a stay because "it is far from clear" that pending action would "resolve or simplify" the issues) (citations omitted). The State Bar cites no authority to the contrary.[2]

3.      The only thing that is not speculative about the requested stay is that it would delay the Plaintiffs' vindication of their First Amendment rights for a good long while. *Fleck* has been set for oral argument on June 13, and it would not be out of the ordinary for the decision to follow many months later.[3] Once that occurs, the losing party may seek rehearing

---

[1] *See* 2018 Year-End Report on the Federal Judiciary, U.S. Supreme Court, https://www.supremecourt.gov/publicinfo/year-end/2018year-endreport.pdf.

[2] In fact, most of the authority the State Bar cites involves stay-motion *denials*. *See, e.g.*, *Grice*, 691 F. Supp. 2d at 920 (denying the motion to stay); *Waterstone Mortg. Corp. v. Offit Kurman, LLC*, No. 17-CV-796-JDP, 2019 WL 367642, at *2 (W.D. Wis. Jan. 30, 2019) (denying the motion to stay as premature); *Hogen v. Prof'l Serv. Bureau, Inc.*, No. 16-CV-602-WMC, 2017 WL 5067607, at *1 (W.D. Wis. Mar. 9, 2017) (denying the motion to stay). And the one case where a stay was granted involved a pending case in the Seventh Circuit, which is irrelevant here. *Woodman's Food Mkt., Inc. v. Clorox Co.*, No. 14-CV-734-SLC, 2015 WL 4858396, at *3 (W.D. Wis. Aug. 13, 2015).

[3] *See* U.S. Court of Appeals – Judicial Caseload Profile, Administrative Office of the U.S. Courts (Dec. 31, 2018), https://www.uscourts.gov/sites/default/files/fcms_na_appprofile1231.2018.pdf.

and/or rehearing *en banc*. If that is denied, the losing party then has 90 days to file a petition for certiorari, and the winning party has another 30 days to respond—and both parties may seek extensions of up to 60 days on those deadlines. *See* Sup. Ct. R. 13 and 15. Only after briefing is complete will the Supreme Court consider the petition. Accordingly, any petition in *Fleck* is unlikely to be addressed until the Supreme Court's 2020 term or later. Thus, the probable outcome of a stay pending the possible filing of a petition in *Fleck* is that the Plaintiffs will continue to suffer abridgement of their First Amendment rights while little or nothing of relevance to disposition of this case occurs in *Fleck*.

4.      Indeed, a stay in this posture cuts against a core premise of Supreme Court practice that its review is best suited for issues addressed by multiple courts. *See United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993) ("A conflict among the circuits is an accepted basis for the granting of the writ of certiorari."); Sup. Ct. R. 10. The State Bar posits that a stay is justified whenever a related case in another circuit might reach the Supreme Court, but the Supreme Court's practice of assessing how multiple circuit courts have addressed an issue suggests the exact opposite. In other words, where the State Bar posits that only the Eighth Circuit should address issues in this case—and that the Seventh Circuit's future review should be frustrated by this Court's grant of an indefinite stay—the Supreme Court itself prefers that multiple circuits consider a legal issue before it grants certiorari. *See Box v. Planned Parenthood of Indiana & Kentucky, Inc.*, No. 18-483, 2019 WL 2257160, --S. Ct.-- at *2 (U.S. May 28, 2019) (per curiam) ("Only the Seventh Circuit has thus far addressed this kind of law. We follow our ordinary practice of denying petitions insofar as they raise legal issues that have not been considered by additional Courts of Appeals."). The State Bar's theory is exactly backwards: that only *one* circuit at a time should resolve any given issue.

5.      Moreover, the claims in *Fleck* could well be resolved without deciding the issues before this Court. When *Fleck* was before the Eighth Circuit in 2017, the *Fleck* plaintiff conceded that *Keller v. State Bar of California*, 496 U.S. 1 (1990), barred his claim "that an integrated bar violates his freedoms not to associate and to avoid subsidizing speech with which he

disagrees," so the Eighth Circuit did not address the issue. *Fleck v. Wetch*, 868 F.3d 652, 653 (8th Cir. 2017). On remand from the Supreme Court, the plaintiff in *Fleck* argued that "*Keller* never actually decided the constitutionality of mandatory bar association membership, and is therefore not directly controlling on this question." *Fleck*, Appellant's Remand Brief, No. 16-1564 (8th Cir.), at 3–4. Instead, the *Fleck* plaintiff argues that compulsory membership and dues are unconstitutional under standard First Amendment principles, as articulated in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). However, according to the *Fleck* defendants, the plaintiff is precluded "from arguing his challenge to the constitutionality of mandatory membership in, and funding of [the state bar] are not foreclosed by *Keller* and *Lathrop* under the principles of judicial estoppel and waiver." *Fleck*, Appellees Brief on Remand, No. 16-1564 (8th Cir.), at 9. If so, then *Fleck* could be resolved without ever reaching the questions raised in this case.

6.      A stay is unfairly prejudicial to Plaintiffs' ability to challenge Defendants violation of their First Amendment rights. Plaintiffs' complaint alleges claims of irreparable injury, and their injury would be extended if this case was stayed. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Although the State Bar disagrees with Plaintiffs' assertions, that is a reason for this Court to adjudicate this case, not to *stay* it indefinitely. There is no comparable harm to Defendants, who are suffering nothing but the ordinary burden of litigation, which is obviously not the type of injury that supports extraordinary relief. *Cf. Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1018 (7th Cir. 1990) (recognizing that the Seventh Circuit has "consistently held that a temporary loss of funds is not an irreparable injury"). This case presents pure questions of law, is unlikely to involve prolonged (if any) discovery, and will be comparably inexpensive for the State Bar to litigate. In fact, the State Bar has *already* gone through the expense of preparing its motion to dismiss and therefore has *already* incurred the costs necessary to develop and advance its legal position.

In short, the Court is duty-bound to resolve this case, and the highly remote possibility that another case in a different circuit might one day make its way to the Supreme Court does

not justify an indefinite stay—which would prejudice Plaintiffs' rights and do nothing to vin-dicate any legitimate right of the State Bar. The motion should be denied.

Dated: May 30, 2019

Respectfully submitted,

/s/ Andrew M. Grossman

DAVID B. RIVKIN, JR.
ANDREW M. GROSSMAN
RICHARD B. RAILE
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036
(202) 861-1697 (phone)
(202) 861-1783 (fax)

RICHARD M. ESENBERG
WI Bar No. 1005622
WISCONSIN INSTITUTE FOR LAW &
LIBERTY
1139 East Knapp Street
Milwaukee, WI 53202-2828
(414) 727-9455 (phone)
(414) 727-6385 (fax)
rick@will-law.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2019, the foregoing was filed using the Court's CM/ECF system. All counsel of record will be served through the Court's CM/ECF system.

Dated May 30, 2019                    /s/ Andrew M. Grossman

ANDREW M. GROSSMAN
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036
(202) 861-1697 (phone)
(202) 861-1783 (fax)

*Attorney for Plaintiffs*