IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADAM JARCHOW AND MICHAEL D. DEAN,

                Plaintiff,

v.

STATE BAR OF WISCONSIN, STATE BAR
OF WISCONSIN BOARD OF GOVERNORS,
CHRISTOPHER E. ROGERS, JILL M. KASTNER,
STARLYN R. TOURTILLOTT,
KATHLEEN A. BROST, ERIC L. ANDREWS
AND KORI L. ASHLEY,

                Defendants.

OPINION AND ORDER

19-cv-266-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Lawyers who are licensed to practice law in Wisconsin must join the State Bar of Wisconsin and pay mandatory annual dues. Wis. S. Ct. R. (SCR) 10.01(1); 10.03. The State Bar uses compulsory member dues to fund various activities. Plaintiffs Adam Jarchow and Michael D. Dean are lawyers licensed in Wisconsin who disagree with the State Bar's activities and oppose being compelled to support it financially with their membership dues. They contend that being compelled to join the State Bar and pay dues violates their rights under the First Amendment to the United States Constitution. In support of their claims, plaintiffs rely primarily on Janus v. American Federation of State, County and Municipal Employees, Council 31, 138 S. Ct. 2448, 2486 (2018), in which the Supreme Court held that public sector unions may not deduct agency fees from nonconsenting employees.

     Defendants have moved to dismiss plaintiffs' complaint on various grounds, including

1

that all of plaintiffs' claims are barred by Keller v. State Bar of California, 496 U.S. 1 (1990). Dkt. #15. In Keller, the Court held that an integrated bar, such as the State Bar of Wisconsin, may, consistent with the First Amendment, use a member's compulsory fees to fund activities germane to "regulating the legal profession and improving the quality of legal services," but not to fund "activities of an ideological nature" that are not reasonably related to the advancement of such goals. Id. at 13-15. The Supreme Court reached its conclusion in Keller after applying its decision in Abood v. Detroit Board of Education, 431 U.S. 209, 235-36 (1977), in which it held that public-sector unions could collect compulsory "agency fees" from nonmembers within the bargaining unit to fund activities germane to collective bargaining, but could not use those fees to fund non-germane political or ideological activities that a nonmember employee opposed.

The parties in this case agree that under Keller, the State Bar of Wisconsin can compel lawyers to join the State Bar and pay mandatory dues without running afoul of the First Amendment. Plts.' Br., dkt. #25, at 3, 10; Dfts.' Br., dkt. #16, at 8. However, plaintiffs contend that the Supreme Court's 2018 decision in Janus undermined the reasoning and holding of Keller. In Janus, the Supreme Court overruled Abood, and held that public-sector unions may not deduct agency fees or "any other payment to the union" from the wages of nonmember employees unless the employees waive their First Amendment rights by "clearly and affirmatively consent[ing] before any money is taken from them." Id. at 138 S. Ct. at 2486. The majority in Janus did not discuss Keller nor respond to the dissent's citation to Keller. Id. at 138 S. Ct. at 2498 (Kagan, J., dissenting).

2

It may be, as plaintiffs contend, that the Court's decision in Janus has eroded the foundation of Keller. However, both sides agree that Keller still binds this court, and that only the Supreme Court can say otherwise. Plts.' Br., dkt. #25, at 3, 10; Dfts.' Br., dkt. #16, at 8. The Supreme Court has made it clear that "if a precedent of this Court has direct application in a case [here, Keller], yet appears to rest on reasons rejected in some other line of decisions, [lower courts] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." Agostini v. Felton, 521 U.S. 203, 237 (1997). See also Price v. City of Chicago, 915 F.3d 1107, 1119 (7th Cir. 2019) (applying Agostini). Because this court is bound by Keller, and because the parties agree that plaintiffs' challenges fail under Keller, plaintiffs' claims fail in this court. Therefore, I will grant defendants' motion to dismiss plaintiffs' claims. Plaintiffs must seek relief in a higher court.

Because I am dismissing plaintiffs' claims as barred by Keller, I do not need to resolve the other arguments for dismissal raised by defendants.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants State Bar of Wisconsin, State Bar of Wisconsin Board of Governors, Christopher E. Rogers, Jill M. Kastner, Starlyn R. Tourtillott, Kathleen A. Brost, Eric L. Andrews and Kori L. Ashley, dkt.

#15, is GRANTED. The clerk of court is directed to enter judgment and close this case.

Entered this 11th day of December, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge